Arthur E. Rohl
vs.     No. 70865.
United Electric Railways Co.

February 18, 1929.

CAPOTOSTO, J. The plaintiff, a passenger on an electric car operated by the defendant, brought suit for personal injuries and also for expenses incurred in treating his wife and son who were injured in the same accident. The claim arises from a collision between the defendant's car and a motor bus on Branch avenue in the City of Providence after dark on November 7, 1926. The jury having returned a verdict of $2,500 for the plaintiff, the defendant moves for a new trial.

The facts disclosed a head-on collision between the bus and electric car. In its final analysis, the case presents the proposition as to whether or not the defendant's motorman used the degree of prudence that he owed to passengers on his car. Admitting the negligence of the bus driver, did the motorman use the necessary precaution to avoid a collision when he saw or reasonably should have seen that a collision was imminent? This raised a pure question of fact to be determined from conflicting evidence. There is evidence to sustain the jury's finding on the question of liability.

The amount of the damages awarded deserves consideration. The plaintiff's personal injuries are trifling and those of his son caused him nominal expense. The injuries to Mrs. Rohl undoubtedly were of a more serious character and entailed considerable expense for medical attendance and assistance. Her appearance at the trial was not that of a well woman capable of performing the more laborious household tasks. The husband testified that up to within a few months of the trial, he had incurred a doctor's bill of "some hundred dollars." The physician who attended Mrs. Rohl testified that he had seen her 229 times: 227 visits at Mrs.

Rohl's house at $3 a visit, and 2 visits at his office at $2 each, making a total claim against the plaintiff for medical attention to his wife up to the time of the trial of $685.

The plaintiff stated that he had to employ his wife's sister to take charge of the house during his wife's disability at an agreed price of $15 a week, but that he had actually paid her and she had received the sum of $10 a week from the time of the accident. The plaintiff further claims that even now his wife can not take care of the house and that the expense of medical attention and household assistance will continue for some time. The evidence, fairly considered, shows that even if some talk was had about paying the wife's sister $15 a week, yet the real expense incurred was at the rate of $10 a week. The period in question covered a little more than 114 weeks. Figured at the rate of $10 a week, the plaintiff incurred a loss of slightly more than $1,140. The plaintiff's other expenses included hospital charges ($37.50), damage to clothing and loss of personal property ($45.00), and transportation ($10.40), making a total of $92.90. The doctor's bill, $685, the payments for household assistance, $1,140, and the incidental losses, $92.90, total $1,917.90. To this sum must be added a reasonable compensation for the plaintiff's own injuries and loss of wages. Allowing $8.00 as loss of earnings for two days that plaintiff remained out of work and $75.00 for his injuries and suffering, the total damage to the plaintiff in round figures amounted to $2,000.

The jury awarded the plaintiff $2,500. There is evidence tending to show that the plaintiff will have to incur further medical charges for attendance for Mrs. Rohl and that he will have to pay out some money for housework of one kind or another, owing to his wife's condition. How long this will continue is indefinite and problematical. The jury probably allowed the sum of $500 in compensation for these contingencies. Under all the circumstances, it cannot be said that the jury has transgressed the bounds of propriety in allowing $500 for all future expenses which the plaintiff reasonably may be expected to incur as a result of his wife's injuries.

The verdict of the jury is sustained both as to liability and damages.

Motion for new trial denied.

For plaintiff: Harold R. Semple.

For defendant: Clifford, Whipple & E. A. Sweeney.